**Ex parte PEARCE.**

**No. 24873.**

Court of Criminal Appeals of Texas.

June 7, 1950.

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Relator filed his application for writ of habeas corpus in the District Court of Walker County, Texas, seeking release from the penitentiary. Hon. Max M. Rogers, Judge of said court, set the case down for a hearing on April 17, 1950 to determine whether the writ should issue. After the facts were developed Judge Rogers made no order either refusing or granting the writ, but certified the record and the facts to this court. Under such circumstances, the case will be treated as an original application for the writ in this court, with the facts already developed.

The record shows that relator was indicted in Gray County, Texas, on March 29, 1945, charging that with malice aforethought he killed Leonard Brown by shooting him with a pistol. He was tried before a jury in said court and on October 18, 1945, the jury returned a verdict finding relator guilty of "murder with malice aforethought as charged in the indictment, and we assess his punishment at twenty (20) years in the penitentiary," signed by the foreman. Judgment was entered on October 18, 1945, adjudging relator to be guilty of murder with malice aforethought as found by the jury and directing his confinement in the penitentiary for 20 years. On October 30, 1945, relator was sentenced to serve in the State penitentiary for not less than 2 nor more than 20 years. He was received in the penitentiary on November 2, 1945, and allowing him all time served and all credits to which he would be entitled, he is not now entitled to his discharge.

There seems to have been confusion in the minds of some attorneys by reason of the "sentence" giving effect to the indeterminate sentence law. This is the proper way

to secure to a convicted person the benefit of the indeterminate sentence law. There is nothing indefinite in the punishment assessed by the jury nor as adjudged by the court in the present case.

The writ is refused.